UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BLUE HERON BEACH RESORT
DEVELOPER, LLC,

    Plaintiff,

v.                                                    Case No.  6:13-cv-372-Orl-19TBS

BRANCH BANKING AND TRUST
COMPANY,

    Defendant.
_____/

## ORDER

This case comes before the Court without oral argument on Defendant Branch Banking and Trust Company's Motion to Disqualify David H. Simmons and Daniel J. O'Malley as Trial Counsel for Plaintiff (Doc. 80).  For the following reasons, the motion is due to be denied.

### Background

Colonial Bank made a loan to Plaintiff Blue Heron Beach Resort Developer, LLC for a large-scale condominium project in Orlando, Florida.  (Doc. 66, ¶ 1).  The project consists of two condominium towers in which the units built for sale to the public are furnished.  (Id.,¶ 2).  On August 14, 2009, the Alabama State Banking Department closed Colonial Bank and appointed the Federal Deposit Insurance Corporation as receiver to liquidate and distribute its assets.  (Id.,¶ 3).  FDIC sold the Blue Heron loan to Defendant Branch Banking and Trust Company ("BB&T").  (Id.).

On December 1, 2009, Blue Heron filed against BB&T in state court for breach of contract, fraudulent misrepresentation, and negligent misrepresentation arising

from a loan modification agreement and end user financing commitment that were based on several mortgage contracts. (Id.,¶ 4). BB&T removed the case to this Court and counterclaimed for foreclosure, breach of promissory notes, and breach of personal guarantees. (Id.,¶ 5).

On October 2, 2010, Blue Heron and BB&T entered into a Confidential Stipulation to settle the lawsuit. (Id.,¶ 6). As part of the settlement, Blue Heron motioned this Court to remand the case to state court for a foreclosure sale of 90 developer owned condominium units, including the personal property contained in those units. (Id.,¶ 7). The Court granted the motion and remanded the case to state court. (Id.,¶ 8).

The parties submitted an agreed final judgment of foreclosure and an amended agreed final judgment of foreclosure to the state court, to be entered against Blue Heron, as to the 90 developer owned units. (Id.,¶ 9). The state court entered the amended final judgment on January 11, 2011 and the foreclosure sale was conducted on January 21, 2011. (Id.,¶¶ 9-10). BB&T was the successful bidder. (Id.,¶ 10). It subsequently assigned its bid to a special purpose entity, Eagle FL V SPE, LLC ("Eagle"), and on February 4, 2011, Eagle took title to the 90 condominium units. (Id.,¶ 11). On June 8, 2011, Eagle sold all 90 units to an unrelated third party. (Doc. 56, ¶ 21).

Blue Heron did not file tangible personal property tax returns for the 90 developer owned condominium units for tax years 2008-2010. (Doc. 56, ¶ 7). In 2012, the Orange County Tax Collector alleged that tangible personal property taxes

for the years 2008-2011 were due in connection with the 90 units. (Id., ¶ 24). On June 12, 2012, the Tax Collector filed suit in state court to ratify and confirm tax warrants against Blue Heron. (Id., ¶ 25). The state court found in favor of the Tax Collector and entered a final order ratifying the tax warrants. (Id., ¶ 26).

On January 18, 2013, Blue Heron sued BB&T in state court for breach of contract and indemnity. (Id., ¶ 27). Blue Heron alleged that under the Confidential Stipulation, BB&T is responsible for the tangible personal property taxes for tax years 2008-2011. (Id.). BB&T removed the lawsuit to this Court on March 4, 2013. (Id.). On March 11, 2013, BB&T filed a motion to dismiss Blue Heron's claims for breach of contract and indemnity. (Id., ¶ 28). The Court granted the motion in part, dismissing the breach of contract claims for tax years 2008-2010 and dismissing the claim for indemnity in its entirety. (Id.). On June 12, 2013, Blue Heron filed its amended complaint against BB&T for breach of the Confidential Stipulation, indemnity and declaratory judgment based upon BB&T's alleged responsibility for the unpaid tangible personal property taxes for years 2008-2011. (Id.).

Throughout all of the litigation summarized above, Blue Heron has been represented by attorneys David H. Simmons and Daniel J. O'Malley. (Docket). Simmons and O'Malley participated in the negotiation of the Confidential Stipulation, which Simmons signed. (Docs. 80, ¶ 5; 56-7). On August 13, 2013, a lawyer representing BB&T told Simmons and O'Malley that BB&T would be seeking to have them excluded as trial counsel. (Doc. 80, n. 2). On December 20, 2013, the parties filed their Joint Final Pretrial Statement in which Blue Heron and BB&T both listed

Simmons and O'Malley as witnesses they may call at trial. (Doc. 78, pp. 23, 25). The motion to disqualify Simmons and O'Malley was filed on December 30, 2013. (Id.). The final pretrial conference in this case is scheduled to occur on April 22, 2014, and the case will be tried to a jury beginning on or after May 12, 2014. (Doc. 90, p. 1).

BB&T argues that Simmons and O'Malley cannot act as both lawyers and witnesses in the case and must be disqualified pursuant to Florida Rule of Professional Conduct 4-3.7. It asserts that the interpretation of the Confidential Stipulation is the primary issue in the case, and that Simmons and O'Malley will likely testify to Blue Heron's intent and purpose in negotiating the Confidential Stipulation. BB&T raises the possibility that Simmons and O'Malley's testimony may be at odds with that of their client, Blue Heron. It also argues that it will be unfairly prejudiced if Simmons and O'Malley act as counsel and witnesses because their dual roles could serve to bolster their testimony. Blue Heron counters that Simmons and O'Malley are its counsel of choice and that disqualifying them now will cause it substantial hardship. Blue Heron also argues that BB&T's motion is untimely, and that Simmons and O'Malley's testimony relates to an uncontested issue.

## Legal Standard

There are two sources for a court's authority when it considers a motion to disqualify an attorney. First, attorneys are bound by the rules of the court in which they appear. Second, their professional conduct is governed by federal common law, "because motions to disqualify are substantive motions affecting the rights of the parties." Herrmann v. Gutterguard, Inc., 199 F.App'x. 745, 752 (11th Cir. 2006).

-4-

Motions to disqualify opposing counsel are "'generally viewed with skepticism because . . . [they] are often interposed for tactical purposes.'" Yang Enterprises, Inc. v. Georgalis, 988 So.2d 1180, 1183 (Fla. 1st DCA 2008) (quoting Alexander v. Tandem Staffing Solutions, Inc., 881 So.2d 607, 608-09 (Fla. 4th DCA 2004)).  The burden of proof is on the party bringing the motion for disqualification.  Id.

"'Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist.'"  Herrmann, 199 F.App'x at 752 (quoting In re: BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003)). "Disqualification of a party's chosen attorney is an extraordinary remedy that should be resorted to only sparingly . . ."  Steinberg v. Winn-Dixie Stores Inc., 121 So.3d 622, 624 (Fla. 4th DCA 2013) (quoting Arcara v. Philip M. Warren, P.A., 574 So.2d 325, 326 (Fla. 4th DCA 1991) (citing Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986).

"An order disqualifying counsel 'must be tested against standards imposed by [the] Rules of Professional Conduct.'" AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 678 (Fla. 2d DCA 2006) (quoting Tobkin v. Tobkin, 843 So.2d 961, 962 (Fla. 4th DCA 2003) (quoting City of Lauderdale Lakes v. Enter. Leasing Co., 654 So.2d 645, 646 (Fla. 4th DCA 1995).

The Rules Regulating the Florida Bar provide:

> (a) When Lawyer May Testify.  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
>
>> (1)  the testimony relates to an uncontested issue;

>     (2)  the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
>     (3)  the testimony relates to the nature and value of legal services rendered; or
>
>     (4)  disqualification of the lawyer would work substantial hardship on the client.

R. Regulating Fla. Bar. 4-3.7(a).

The Comment to Rule 4-3.7 explains:

> . . . subdivision (a)(4) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party.  Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses.  Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.  It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.  The conflict of interest principles stated in rules 4-1.7, 4-1.9, and 4-1.10 have no application to this aspect of the problem.

"[T]he rule requiring a lawyer to withdraw when he expects to be a witness in the case 'was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.'" Arcara, 574 So.2d at 326 (quoting Cazares v. Church of Scientology of Calif., Inc., 429 So.2d 348, 350 (Fla. 5th DCA), review denied, 438 So.2d 831 (Fla. 1983)).  Still, it is possible for a conflict requiring disqualification to arise if a party calls the opponent's lawyer as a witness and the lawyer's testimony is adverse to the client's position.  Steinberg, 121 So.3d at 625; Allstate Ins. Co. v. English, 588 So.2d 294, 295 (Fla. 2d DCA 1991).

The party moving for disqualification of opposing counsel has the burden of showing "the necessity of the attorney's testimony and thus his disqualification." Quality Air Conditioning Co., Inc. v. Vrastil, 895 So.2d 1236, 1237 (Fla. 4th DCA 2005) (quoting Hiatt v. Estate of Hiatt, 837 So.2d 1132, 1133 (Fla. 4th DCA 2003)). "A lawyer is not a necessary witness when there are other witnesses available to testify to the same information." Steinberg, 121 So.3d at 624.

"A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion." Transmark, USA, Inc. v. Sate of Fla. Dept. of Ins., 631 So.2d 1112, 1116 (Fla. 1st DCA 1994). "The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case." Id.

## Analysis

BB&T has failed to show that Simmons and O'Malley's anticipated testimony is necessary, disputed, or adverse to Blue Heron's position in the case. BB&T is concerned that Simmons and O'Malley will testify to Blue Herons intent and purpose when negotiating the Confidential Stipulation. However, BB&T's corporate representatives and former counsel have already testified that Blue Heron's intent was to limit its exposure and for BB&T to assume sole responsibility for all expenses, charges and costs relating to the 90 condominium units. (Doc. 92 at 10; Doc. 59-1, p. 40, 55, 59-64; Doc. 59-2, p. 40-41, 44, 47, 50-51; Doc. 59-3, p. 41-45, 60-62). Thus, BB&T has failed to show that Simmons and O'Malley's

testimony concerns a contested issue or that it will conflict with their client's position.  Instead, their testimony is likely to be confirmed by BB&T's witnesses.  Accordingly, the Court finds that BB&T has failed to show compelling reasons to override the presumption that Blue Heron is entitled to the lawyers of its choice.  See, Hermann, 199 F.App'x. at 752; Quality Air Conditioning, 895 So. 2d at 1237; Steinberg, 121 So. 3d at 624.

The motion to disqualify is also untimely.  Every essential fact in BB&T's motion was known to the parties and their lawyers when this lawsuit was filed.  From the inception of this case, all concerned should have reasonably foreseen that Simmons and O'Malley would likely be witnesses for Blue Heron.  Consequently, Simmons and O'Malley were obligated to consider the appropriateness of their representation in light of Rule 4–3.7.  When it became apparent that they would litigate the case, then if BB&T objected to their continued representation of Blue Heron, it should have acted with reasonable promptness to seek their disqualification.  Instead, BB&T waited until after discovery was closed and the parties had filed their Joint Final Pretrial Statement to act.  BB&T is not entitled to the extraordinary remedy of  disqualification after failing to exercise due diligence in filing its motion.  Therefore, the Court also denies the motion for undue delay.  See, Etkin & Co., Inc. v. SBD LLC, No. 11-21321-CIV, 2012 WL 5398966 at * 5-6 (S.D. Fla. Nov. 5, 2012); Marks Const. Co., Inc. v. Huntington Nat'l Bank, Civil Action No. 1:05CV73, 2010 WL 1404590 at * 4 (N.D. W. Va. April 2, 2010); Great American Ins. Co. v. General Contractors & Const. Mgmt., Inc., No. 07-21489-CIV,

2008 WL 1994857 at * 2 (S.D. Fla. May 6, 2008); <u>Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.</u>, No. 04-80090-CIV-COHN, 2007 WL 433084 at * 3 (S.D. Fla. Feb. 2, 2007); <u>Lee v. Gadasa Corp.</u>, 714 So.2d 610, 612 (Fla. 1st DCA 1998); <u>Transmark</u>, 631 So.2d at 1116; <u>Balda v. Sorchych</u>, 616 So.2d 1114, 1116 (Fla. 5th DCA 1993).

Accordingly, Defendant Branch Banking and Trust Company's Motion to Disqualify David H. Simmons and Daniel J. O'Malley as Trial Counsel for Plaintiff (Doc. 80), is DENIED.

DONE AND ORDERED in Orlando, Florida, on February 19, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel